

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 24, 1939

Hon. Sidney Lee, County Attorney
Bowie County
Texarkana, Texas

Dear Sir:

> Opinion No. O-757
> Re: Does the county traffic officer have a
>     legal right to weigh overloaded vehi-
>     cles?

We are in receipt of your letter of May 4th,
in which you request an opinion from this department on
the following question:

> "Bowie County has at present a county
> traffic officer, who is employed under authori-
> ty of article 6699 of the Revised Civil Stat-
> utes. The county has been for some time con-
> templating the purchase of equipment to be used
> by this officer in the weighing of vehicles on
> state highways in Bowie County, with a view to
> detecting violations of the Load Limit Law.
> The county does not wish to purchase this weigh-
> ing equipment unless the Bowie County Traffic
> Officer has a legal right to weight vehicles.
> Please advise me whether or not the county traf-
> fic officer has a legal right to weigh vehicles
> which he suspects are overloaded."

Section 6 of article 827a, Vernon's Annotated
Penal Code, reads as follows:

> "Any license and weight inspector of the
> State Highway department, having reason to be-
> lieve that the gross weight of a loaded vehicle
> is unlawful, is authorized to weigh the same
> either by means of portable or stationary scales,
> and to require that such vehicle be driven to
> the nearest scales in the event such scales are



Hon. Sidney Lee, May 24, 1939, Page 2

within two miles. The inspector may then re-
quire the driver or operator to unload immed-
iately such portion of the load as may be ne-
cessary to decrease the gross weight of such
vehicle to the maximum gross weight specified
by this Act."

The courts of Texas have held that the above
section conferring authority upon license and weight in-
spectors of the State Highway Department to require driv-
ers and operators of motor vehicles to have their trucks
and contents weighed, does not confer any such authority
upon constables and other peace officers of the state,
i.e., deputy sheriff, sheriff, county highway officer,
deputy constables and county attorney.

HEAD v. STATE (1931) 96 SW (2d) 981;
DeSHONG MOTOR FREIGHT LINES, INC. v. HOPKINS,
ET AL (1937) 99 SW (2d) 1035.

We have been unable to find additional authori-
ties on the matter, but the two cases referred to above
are ample authority for the proposition set forth therein.

We wish to call attention especially to the re-
marks of Judge Hawkins in the opinion on motion for rehear-
ing in the case of Head v. State, supra, among which is
the following:

"If the Legislature should deem the author-
ity vested in the designated officers under the
law quoted in our original opinion to be too
restrictive and conclude that the rights conferred
on said officer should be extended to peace of-
ficers generally, then the Legislature may so
provide; but until the law as now written is
changed, we think the more reasonable construc-
tion is that placed upon it in our original opin-
ion, that is, that the Legislature proposed to
limit the rights therein conferred upon the of-
ficers named as being especially equipped and
trained to properly do the things therein author-
ized."

In view of the above holding, the power giv-
en county traffic officers in Article 6699, Vernon's An-

noted Civil Statutes, as amended, " to enforce the highway laws of this state regulating the use of the public highways by motor vehicles", cannot be extended to include the authority to weigh loaded vehicles when they have reason to believe that the gross weight of such vehicles is unlawful.

It is our opinion that a county traffic officer employed under article 6699, supra, does not possess a legal right to weigh trucks for purposes of ascertaining whether they were loaded in excess of 7,000 pounds in violation of Article 827a, Vernon's Annotated Penal Code.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Dick Stout
Dick Stout
Assistant

DS:cmb

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN